IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:20-CR-440-1 |
| ) | |
| ) | |
| RU'MAL TY'QUAN NELSON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582 (c)(1)(A). (ECF No. 51). The Government filed a response opposing the motion. (ECF No. 54.) The Court, having considered the arguments of the parties as set forth below, finds that Defendant has failed to show an extraordinary and compelling reason for a sentence reduction. Further the factors under 18 U.S.C. § 3553(a) counsel against sentence reduction. Accordingly, Defendant's motion (ECF No. 51) will be denied.

**I.  BACKGROUND**

Defendant is currently 28 years old. (ECF No. 27 at 2.)[1] On January 13, 2022, he pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (ECF No. 18, ¶¶ 1-2.) On September 23, 2022, Defendant was

---

[1] The Pre-Sentence Report, (ECF No. 27), is filed with the Court under seal.

sentenced to 100 months imprisonment and three years of supervised release. (ECF No. 35 at 2-3.) This sentence was based on a sentencing guideline range of 84 to 105 months imprisonment. (ECF No. 44 at 4-5.) Defendant's projected release date is September 26, 2028.[2]

Defendant argues for compassionate release contending that there have been changes to the sentencing guidelines that would impact the calculation of his criminal history points. (ECF No. 51 at 5.) He says under changes incorporated by Amendment 821, Part A, his criminal history points would be reduced from 9 points to 7 points. He says this would leave him in the same sentencing range, but "asks the court to consider a downward variance of 6-months due to rehabilitation efforts along with family circumstances." (*Id.*) Defendant says he needs to care for his mother who is disabled and asserts he is the only one who can do so. (*Id.*) Defendant "asks the court to consider a downward variance of 6-months due to rehabilitation efforts along with family circumstances." (*Id.*)

In its response, the Government contends the argument about the calculation of sentence relying on Amendment 821 is not properly before the Court on a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and must be brought under § 3582(c)(2). (ECF No. 54 at 5-6.) The Government further argues that, in any case, a consideration of the Amendment 821 changes would only reduce Defendant's criminal history by one point to 8. It says the change would leave Defendant "in the same criminal history category (IV)" and he would face the same sentencing guidelines range. (*Id.* at 6.) The Government asserts Defendant's evidence of rehabilitation and argument about his mother,

---

[2] Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited May 14, 2024).

are insufficient to establish an extraordinary circumstance to warrant a change in sentence. (*Id.* at 7.) The Government also argues the § 3553(a) factors do not weigh in favor of a reduction. (*Id.* at 8-9.)

## II. DISCUSSION

A sentence imposed under the law is intended to be final. *See United States v. Goodwyn*, 596 F.3d 2332, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provide a basis for relief. *Id.*; *see also* 18 U.S.C. § 3582(b). To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1) extraordinary and compelling reasons exist to support a reduction; (2) a consideration of the relevant 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction; and (4) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024)*; United State v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024).

Section 3582(c)(1)(A) requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). The record reflects Defendant filed a request for administrative relief on August 21, 2023, and the request was denied. (ECF No. 51 at 8.) Consequently, the Court may proceed to the merits of Defendant's motion.

### A. Extraordinary and Compelling Reasons

The Government is correct that claims regarding Amendment 821 are properly brought under 18 U.S.C. § 3582(c)(2) which provides an avenue for a defendant to seek a reduction in sentence when a guideline range has been lowered because of an amendment to the Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2). In fact, Defendant has filed a motion

3

under § 3582(c)(2) arguing he should be given a reduction in his sentence based on the changes pursuant to Amendment 821. (ECF No. 55.)[3] However, the Court will consider Defendant's arguments under § 3582(c)(1)(A) insofar as Defendant argues the Court should consider a 6-month reduction in sentence because of his family circumstances and his rehabilitative efforts.

The Court may reduce a defendant's sentence if it finds "extraordinary and compelling reasons warrant such a reduction" and a "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022). Section 3582 is not an opportunity for resentencing, but an opportunity to modify a sentence in circumstances as guided by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 825 (2010).

The policy statement issued by the Sentencing Commission recognizes an extraordinary and compelling circumstance may exist from the incapacitation of a family member such as a parent "when the defendant would be the only available caregiver for such family member or individual." U.S.S.G. § 1B1.13(b)(3)(C). However, in relying on the need to care for a family member, a defendant must show he is the only available caregiver. *See United States v. Bryant*, 720 F. Supp. 3d 450, 457 (W.D. Va. 2024); *United States v. Hicklen*, No. 3:19-CR-00108-FDW-DSC, 2024 WL 948307, at *3 (W.D.N.C. Mar. 5, 2024) (collecting cases); *United States v. Barton*, No. 1:11CR349-1, 1:12CR255-1, 2022 WL 1157978, at *5 (M.D.N.C. Jan. 18, 2022) (denying motion where sisters were caring for defendant's aging father). With respect to rehabilitation, it alone may not be considered an extraordinary and compelling reason for a sentence reduction but may be considered along with other factors to

---

[3] This motion will be addressed by the Court in a separate order.

establish an extraordinary and compelling reasons to reduce a sentence. *Davis*, 99 F.4th at 659. The Sentencing Commission policy states in relevant part, "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances" when considering "whether and to what extent" to reduce a sentence. U.S.S.G. § 1B1.13(d).

Defendant has failed to show an extraordinary and compelling reason to support a reduction in sentence. He asserts his mother requires a caregiver and he is the only person available, but he does not provide specific information to support the claim. The presentence report indicates Defendant's mother "is disabled due to complications associated with a stroke" and lives with his maternal grandmother. (ECF No. 27, ¶ 72.) Defendant does not explain why the person or people caring for his mother can no longer do so, or why if a change is necessary other family members cannot provide care. The presentence report indicates Defendant has a sister and several maternal half siblings. (*Id.*, ¶ 72-74.) Therefore, Defendant has failed to show he is the only available caregiver for his mother, and he cannot establish an extraordinary or compelling reason to support a reduction in sentence on this basis.

Nor do his rehabilitative efforts support a reduction. Defendant does not provide any details about his rehabilitative efforts. Information provided by the Government shows that Defendant has completed some educational courses while incarcerated. (ECF No. 54, Ex. C at 1.) While the Court acknowledges these efforts, good behavior and steps towards rehabilitation are expected of an inmate. *See United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) ("Prisoners are *supposed* to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves. That a prisoner does so means that he has met baseline expectations, not that he has done something extraordinary.") Defendant's

rehabilitative efforts do not rise to the level of an extraordinary and compelling reason for relief. *See, e.g.*, *United States v. McCain*, No. 1:06CR203-1, 2023 WL 7385546, at *8 (M.D.N.C. Nov. 8, 2023) (finding no extraordinary and compelling reasons where defendant showed rehabilitation but made no other successful arguments in favor of release).

### B. 18 U.S.C. § 3553(a) Factors

Defendant has failed to show an extraordinary and compelling reason warranting a reduction in sentence, and therefore the Court is not required to further consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction. However, the Court finds that even if an extraordinary and compelling reason existed, an analysis of the § 3553(a) factors would not support granting relief. Under § 3553(a) the goal is for a sentence "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). The Court weighs whether the nature of the offense, a defendant's personal history, the sentence relative to the nature and seriousness of his offense, the need for a sentence to find just punishment for the crime, the need to protect the public and deter crime, the need to provide a defendant with effective rehabilitative circumstances, the need to avoid sentencing disparity, and other sentencing considerations weigh in favor of relief. *See* 18 U.S.C. § 3553(a). A court may consider post-sentencing facts in the record such as behavior while incarcerated and rehabilitation efforts. *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); U.S.S.G. § 1B1.13(d).

While Defendant has apologized for his actions and taken some steps to rehabilitate himself while in prison, other factors weigh heavily against a reduction in sentence. Defendant was charged with being a felon in possession of a firearm after he was linked to multiple

6

shootings in April 2020. (ECF No. 27, ¶¶ 1-12.) The offenses were serious and violent, and evidence suggests the crimes were gang related. (*Id.*, ¶¶ 9-10, 18.) The record demonstrates he was responsible for a shooting at the Pantry Shop convenience store on April 18, 2020. (ECF No. 44 at 2-3.) In that incident, Defendant left the store during an argument to retrieve a gun from his car, approached the store, and fired as many as eighteen times towards the front of the store with multiple people in the area. (ECF No. 27, ¶ 22.) At the time he was apprehended, he was involved in a car chase with police during which loaded weapons and drugs were thrown from the vehicle. (*Id.*, ¶ 24.) These actions posed a substantial threat to the community.

Defendant also has a lengthy criminal history that suggests he may present an ongoing threat if released early. His criminal history started in his teens and continued until he was arrested for the instant offenses. (*Id.*, ¶¶ 54-64, 66.) He has numerous misdemeanors convictions as well as felony convictions for attempted breaking and entering and felony conspiracy robbery with a dangerous weapon. (*Id.*, ¶¶ 63-64.) The instant offense occurred while he was on probation for an earlier offense. (*Id.*, ¶ 66.)

Accordingly, the Court determines that the nature and circumstances of the crimes, the need for the sentence to reflect the seriousness of the crimes, the need for just punishment, Defendant's personal history, the need to deter crime, and the need to protect the public all weigh against granting a reduction of sentence. A reduced sentence would not promote respect for the law, afford adequate deterrence, or protect the public. *See* 18 U.S.C. § 3553(a)(2).

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), (ECF No. 51), is **DENIED.**

This, the 3rd day of March 2025.

/s/ Loretta C. Biggs
United States District Judge
